UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENISE MARKS *et al.*,

 Plaintiffs,

v.

UNITED STATES OF AMERICA,

 Defendant.

_____/

Case No. 16-cv-10231
Hon. Matthew F. Leitman

# ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (ECF #9) AND DISMISSING ACTION WITH PREJUDICE

 Plaintiffs Denise Marks ("Marks") and her husband, La'Vince Marks, Jr. (together, "Plaintiffs"), have brought this medical malpractice action under the Federal Tort Claims Act (the "FTCA"), 28 U.S.C. § 1346(b). Plaintiffs allege that Charlene Williams, M.D. ("Dr. Williams"), who is deemed a federal employee for purposes of the FTCA, negligently performed surgery on Marks at St. John's Hospital and Medical Center in Detroit, Michigan ("St. John's"). (*See* Compl. at ¶¶ 13-18, ECF #1 at 3-4, Pg. ID 3-4.) The United States of America (the "Defendant") has now moved to dismiss Plaintiffs' Complaint on the ground that it is untimely under the FTCA (the "Motion to Dismiss"). (*See* ECF #9.) For the reasons stated below, the Court **GRANTS** the Motion to Dismiss and **DISMISSES** this action with prejudice.

1

## RELEVANT FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY

In 2012, Dr. Williams was employed as a physician by Detroit Healthcare for the Homeless d/b/a Advantage Health Center ("DHH"). (Compl. at ¶ 5, ECF #1 at 2, Pg. ID 2.) DHH is funded by the Federally Supported Health Centers Assistance Act of 1992 (*see id.*), and it provides health care to homeless individuals at, among other places, the Thea Bowman Community Health Center in Detroit ("Thea Bowman"). (*See* Notice of Intent, ECF #9-5 at 3, Pg. ID 91; ECF #11-2 at 6, Pg. ID 132; hereinafter, the "NOI".)[1]

From January 10 to March 14, 2012, Marks received medical care from Dr. Williams at Thea Bowman. (*See* ECF #9-5 at 7, Pg. ID 95.) During this time frame, Dr. Williams evaluated and treated Marks for certain gynecological problems, including fibroids and menorrhagia. (*See id.*) Marks' ailments were so serious that they required surgery. On March 27, 2012, Dr. Williams performed a total hysterectomy and right oophorectomy (removal of the right ovary) on Marks

---

[1] Plaintiffs referenced the NOI in the Complaint (*see* Compl. at ¶ 8, ECF #1 at 3, Pg. ID 3), but did not attach it as an exhibit. The Defendant subsequently attached the NOI to its Motion to Dismiss. In the context of a motion to dismiss, "if a plaintiff references or quotes certain documents" in its complaint, "a defendant may attach those documents to its motion to dismiss, and a court can then consider them in resolving the Rule 12(b)(6) motion without converting the motion to dismiss into a Rule 56 motion for summary judgment." *In re Omnicare, Inc. Sec. Litig.*, 769 F.3d 455, 466 (6th Cir. 2014). Accordingly, the Court may consider the NOI in resolving the Motion to Dismiss without converting the motion into one for summary judgment. Moreover, Plaintiffs attached the NOI to their response to the Motion to Dismiss (*see* ECF #11-2) and did not suggest that the Court could only consider the NOI if it treated the motion as one for summary judgment.

at St. John's. (*See* Compl. at ¶ 13, 15, ECF #1 at 3-4, Pg. ID 3-4.) The next evening, Marks reported "complications with significant pain and discomfort." (*See id.* at ¶ 18, ECF #1 at 4, Pg. ID 4.)

On or around April 3, 2012, Marks returned to St. John's because her pain had not subsided. (*See* Pls.' Resp. Br., ECF #11 at 6, Pg. ID 119.) The next day, Dr. Brian V. Guz, M.D. ("Dr. Guz") performed a CT scan on Marks and saw that Marks' bladder was damaged. (*See* ECF #9-5 at 12, Pg. ID 100.) Dr. Guz then performed a procedure in which he examined the lining of Marks' bladder. He discovered "[a] small hole . . . in the posterior aspect of the bladder that appeared to be through and through." (*Id.*) Dr. Guz then concluded that Marks would "need a formal repair as an out-patient, likely with ureteral reimplantation." (*Id.*)

Nearly two years later, on March 27, 2014, Plaintiffs sent a "Notice of Intent" to file a medical malpractice action to Dr. Williams and to several medical facilities at which Dr. Williams worked.[2] (*See* NOI, ECF #11-2 at 2-4, Pg. ID 128-30.) In particular, Plaintiffs sent the NOI to DHH, to Thea Bowman, and to Dr. Williams in care of Thea Bowman. (*See id.*) In the NOI, Plaintiffs described treatment that Marks received from Dr. Williams at Thea Bowman just prior to her

---

[2] Under Michigan law, before a plaintiff may file a medical malpractice action, she must provide written "notice of intent to file a claim" to "the last known professional business address or residential address of the health professional or health facility who is the subject of the claim." M.C.L. §§ 600.2912b(1)-(2); *see also Burton v. Reed City Hosp. Corp.*, 691 N.W.2d 424, 427-28 (Mich. 2005).

surgery, and Plaintiffs asserted that Dr. Williams committed malpractice in connection with the surgery. (*See id.* at 11-12, Pg. ID 137-38.)

On September 25, 2014, Plaintiffs filed a malpractice action against Dr. Williams in the Wayne County Circuit Court. (*See* ECF #11-3 at 6-16, Pg. ID 161-71.) Plaintiffs alleged that Dr. Williams negligently performed the surgical procedure upon Marks. (*See id.*)

On May 26, 2015, Dr. Williams removed the action to this Court on the ground that "at all times relevant to [the] matter, [she] was an employee of Detroit Healthcare for the Homeless d/b/a Advantage Health Centers ("DHH") which has been deemed eligible for coverage under the [FTCA] . . . ." (*See* ECF #11-3 at 2, Pg. ID 157; hereinafter, the "Notice of Removal".) Dr. Williams asserted that she was deemed a federal employee under 42 U.S.C. § 233(g) and, therefore, that "a claim against the United States pursuant to the FTCA [was] the exclusive remedy available to the plaintiffs . . . with respect to the alleged acts or omissions" of Dr. Williams. (*Id.* at 3, Pg. ID 158.)

After removing the action, Dr. Williams filed a motion to dismiss on the ground that Plaintiffs failed to exhaust their administrative remedies by filing a claim with the Department of Health and Human Services ("DHHS"), as required by the FTCA, 28 U.S.C. § 2675(a). (*See* ECF #9-3.) This Court granted Dr. Williams' motion and dismissed the action without prejudice. (*See* ECF #11-4.)

4

Plaintiffs then filed an administrative claim with DHHS seeking $522,654.63 in damages. (*See* ECF #9-5 at 1, Pg. ID 89.) After six months had passed without a final determination from DHHS, Plaintiffs treated DHHS's lack of response as a denial of their claim under 28 U.S.C. § 2675(a). Plaintiffs then re-filed their Complaint in this Court on January 26, 2016. (*See* ECF #1.)

On May 12, 2016, the Defendant filed the Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (*See* ECF #9). In the Motion to Dismiss, the Defendant argues that Plaintiffs' medical malpractice claim is time-barred because Plaintiffs did not comply with the FTCA's two-year statute of limitations.

The Court held a hearing on the Motion to Dismiss on August 11, 2016.

## **GOVERNING LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint when a plaintiff fails to state a claim upon which relief can be granted. "To survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim is facially plausible when a plaintiff pleads factual content that permits a court to reasonably infer that the defendant is liable for the alleged misconduct. *Id.* (citing *Twombly*, 550 U.S. at

556). When assessing the sufficiency of a plaintiff's claim, a district court must accept all of a complaint's factual allegations as true. *See Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 512 (6th Cir. 2001). "Mere conclusions," however, "are not entitled to the assumption of truth. While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664. A plaintiff must therefore provide "more than labels and conclusions," or "a formulaic recitation of the elements of a cause of action" to survive a motion to dismiss. *Twombly*, 550 U.S. at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."

## ANALYSIS

**A.    The FTCA Framework and Plaintiffs' Failure to Timely File Their Claim Thereunder**

The FTCA "provides that a suit against the United States shall be the exclusive remedy for persons who wish to bring claims for damages resulting from negligent acts of federal employees committed within the scope of their employment." *Sykes v. United States*, 507 Fed. App'x 455, 460 (6th Cir. 2012); *see also Miller v. United States*, 229 F.3d 1153, 2000 WL 1140726, at *2 (6th Cir. 2000) (Table) (citing 42 U.S.C. § 233(a)).

Before filing a civil action under the FTCA, an injured person must first file a tort claim with "the appropriate Federal agency;" the person may not file a civil

6

action asserting the claim until the claim has been "finally denied by the agency in writing . . . ." 28 U.S.C. § 2675(a); *see also Miller*, 2000 WL 1140726, at *2. The injured person must present her tort claim to the proper federal agency in writing within two years after it accrues, or she is "forever barred" from pursuing the claim in a civil action. 28 U.S.C. § 2401(b). A medical malpractice claim accrues under 28 U.S.C. § 2401(b) when "a plaintiff [is] in possession of the critical facts that [s]he has been hurt and who has inflicted the injury." *United States v. Kubrick*, 444 U.S. 111, 122 (1979).

Under limited circumstances, a tolling provision of the FTCA allows an injured party to file a civil tort action even where the party has failed to present the claim to the appropriate federal agency within two years of accrual:

> Whenever an action or proceeding in which the United States is substituted as the party defendant under this subsection is dismissed for failure first to present a claim pursuant to section 2675(a) of this title, such a claim shall be deemed to be timely presented under section 2401(b) of this title if –
> (A) the claim would have been timely had it been filed on the date underlying the civil action was commenced, and
> (B) the claim is presented to the appropriate Federal agency within 60 days after dismissal of the civil action.

28 U.S.C. § 2679(d)(5).

7

To their credit, Plaintiffs candidly acknowledge that their claim arising out of Dr. Williams' alleged malpractice is subject to the FTCA's procedural requirements and two-year limitations period; that they failed to timely present the claim to the appropriate federal agency within two years after it accrued; and that they are not entitled to statutory tolling under the above-quoted tolling provision of the FTCA. (Pls.' Resp. Br., ECF #11 at 4-5, Pg. ID 122-23.) But Plaintiffs nonetheless insist that the Court should permit them to pursue their claim. Plaintiffs argue that the Court should equitably toll the two-year limitations period that would otherwise bar their claim. For the reasons explained below, the Court declines to do so.

**B. Equitable Tolling**

In *United States v. Kwai Fun Wong*, __ U.S. __, 136 S. Ct. 1625, 1638 (2015), the Supreme Court held that "the FTCA's time bars are nonjurisdictional and [are] subject to equitable tolling." However, courts apply equitable tolling "sparingly" in the FTCA context and do not equitably toll the FTCA's limitations period "when there has only been a garden variety claim of excusable neglect." *Bazzo v. United States*, 494 Fed. App'x 545, 547 (6th Cir. 2012) (quoting *Chomic v. United States*, 377 F.3d 607, 615 (6th Cir. 2004)); *see also Kwai Fun Wong*, 135 S. Ct. at 1630-31 (equitable tolling is available "when a party has pursued his

8

rights diligently but some *extraordinary circumstance* prevents him from meeting a deadline." (emphasis added)).

The party seeking equitable tolling "bears the burden of proving entitlement to it." *Bazzo*, 494 Fed. App'x at 547 (quoting *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010)). The United States Court of Appeals for the Sixth Circuit considers the following five factors when determining whether equitable tolling is available to a plaintiff under the FTCA:

> (1) the plaintiff's lack of notice of the filing requirement; (2) the plaintiff's lack of constructive knowledge of the filing requirement; (3) the plaintiff's diligence in pursuing her rights; (4) an absence of prejudice to the defendant; and (5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement.

*Jackson v. United States*, 751 F.3d 712, 719 (6th Cir. 2014).

Plaintiffs have failed to show that they are entitled to equitable tolling under the five factors listed above. Indeed, Plaintiffs' response to the Motion to Dismiss neither mentions the controlling five-factor test nor attempts to explain how the factors weigh in favor of equitable tolling here.

And the allegations in Plaintiffs' Complaint do not warrant an equitable tolling of the limitations period. The Complaint contains only a single allegation with respect to equitable tolling: "That Plaintiff had no knowledge that Dr. Williams was deemed a federal employee until the state action was removed to federal court and had no reasonable way of discovering [the] same prior to the

9

filing of the state court action." (Compl. at ¶ 7, ECF #1 at 3, Pg. ID 3.) This conclusory allegation is insufficient to support equitable tolling because it says nothing about Plaintiffs' efforts to determine whether Dr. Williams was (or would be deemed to be) a federal employee. *See Sanchez v. United States*, 932 F. Supp. 2d 229, 232 (D. Mass. 2013), *aff'd* 740 F.3d 47 (1st Cir. 2014) (declining to apply equitable tolling because plaintiff failed to show "that he made any inquiry at all into the potential status of the defendant doctors as federal employees or that such information was concealed from him or his counsel.").

Instead of applying, or presenting evidence concerning, the five equitable tolling factors, Plaintiffs offer the following argument:

> The doctrine of equitable tolling should be applied in the case at bar. Plaintiffs filed the NOI required under Michigan law on March 27, 2014. MCL 600.2912b. As the NOI demonstrates, Dr. Williams was associated with numerous facilities and it was not clear which was her employer at the time of the treatment at issue, especially as that treatment was provided at St. John Hospital, a non-federally funded facility. (Ex 1). *Plaintiffs had no way of ascertaining that Dr. Williams was a federal employee. Indeed, Dr. Williams herself did not ascertain that she was a federal employee at the time in question until <u>eight months</u> (the time between the NOI and the Notice of Removal) after Plaintiffs filed their NOI.* (Ex 1; Ex 2). The Complaint was promptly filed after the expiration of the prescribed notice period. MCL 600.2169b. Thus, Plaintiffs diligently pursued their rights, but some extraordinary circumstance prevented them from complying with the prescribed deadline. As such, equitable tolling should be applied in this matter, and Defendant's motion to dismiss must be denied.

(Pls.' Resp. Br., ECF #11 at 6, Pg. ID 124; emphasis in italics added and emphasis in underlining in original.)

There are several problems with this argument. First, Plaintiffs' assertion that they had "no way" to ascertain whether Dr. Williams would be deemed a federal employee for purposes of Marks' medical malpractice claim is not accurate. Plaintiffs and their counsel knew that Dr. Williams worked at Thea Bowman; that Dr. Williams had treated Marks at Thea Bowman shortly before Marks' surgery; and that the pre-surgery treatment at Thea Bowman related to the same condition for which Dr. Williams performed the surgery. (*See* NOI, ECF #9-5 at 7-8, Pg. ID 95-96.) From this information, Plaintiffs could have discovered that Dr. Williams would be deemed a federal employee with respect to her treatment of Marks. As several federal courts have noted, "the Public Health Service operates a website that identifies all health centers that receive federal funds and thus can only be sued under the FTCA." *Blanche v. United States*, 811 F.3d 953, 962 (7th Cir. 2016); *see also Sanchez v. United States*, 740 F.3d 47, 54-55 (1st Cir. 2014). Had Plaintiffs or their counsel consulted that website, they would have discovered that Thea Bowman receives federal funds and that Thea Bowman's health care providers, including Dr. Williams, could thus be deemed federal employees for FTCA purposes.

Second, Plaintiffs neither allege in their Complaint nor offer evidence that Dr. Williams did not know that she was a federal employee. Instead, Plaintiffs direct the Court to the NOI and to Defendant's Notice of Removal. (Pls.' Resp. Br., ECF #11 at 6, Pg. ID 124.) But neither of those documents is authored by, nor reports statements made by, Dr. Williams. The documents thus say nothing about Dr. Williams' knowledge of her employment status.

Finally, Plaintiffs have not cited any decision in which any federal court has applied equitable tolling to an FTCA claim under circumstances like those presented here. Notably, the Sixth Circuit has declined to apply the doctrine under these circumstances. *See Bazzo*, 494 Fed. App'x at 547-48. In *Bazzo*, Amanda Bazzo claimed that her minor daughter, M.B., sustained injuries while Bazzo was giving birth to her at Alpena General Hospital. Bazzo claimed that the attending physician, Dr. Christa Williams, negligently caused M.B.'s injuries. "Though Bazzo did not know at the time, Dr. Williams was an employee of Alcona Citizens for Health, Inc., a federally-funded medical facility." *Id.* at 547.

Bazzo eventually filed a medical malpractice action against Dr. Williams under the FTCA. Bazzo conceded that she failed to comply with the FTCA's two-year limitations period, but she argued that that period should have been equitably tolled because she could not reasonably have discovered Dr. Williams' status as a federal employee. Bazzo highlighted that "none of the procedures or medical

12

records linked Dr. Williams to Alcona, as opposed to the [non-federal] medical facilities where the procedures took place." *Id.* The district court declined to equitably toll the FTCA's limitations period, and the Sixth Circuit affirmed.

The Sixth Circuit explained that the district court properly declined to toll the statute of limitations because "the absence of records identifying Alcona [did] not undermine the district court's core findings: (1) a sufficient opportunity to investigate Dr. Williams's employment status, and (2) the absence of efforts to conceal that information." *Id.* at 548. The Sixth Circuit further emphasized that Bazzo did "not detail what steps counsel took to determine Dr. Williams's employment status and, thus, [did] not explain how her affiliation with federally funded Alcona would have eluded a reasonably diligent party." *Id.*

The Plaintiffs here are in much the same position as the plaintiff in *Bazzo*. They have not alleged any specific facts showing that they lacked a sufficient opportunity to investigate Dr. Williams' employment status or that anyone made any effort to conceal that status. Nor have they alleged what steps, if any, they took to investigate Dr. Williams' employment status. And in at least one respect, Plaintiffs' position here is far weaker than that of the plaintiff in *Bazzo*. Unlike the plaintiff there, the Plaintiffs here *did* have medical records connecting Dr. Williams to a federally-funded facility and establishing that Dr. Williams treated Marks at that very facility for the condition that led to her surgery. Since the

13

plaintiff in *Bazzo* was not entitled to equitable tolling, the Plaintiffs here are not entitled to such tolling. *See id.*; *see also A.Q.C. ex rel. Castillo v. United States*, 656 F.3d 135, 145 (2d Cir. 2011) (declining to apply equitable tolling where plaintiff's counsel failed to "investigate the federal nature of potential defendants" because such an investigation is "part of standard due diligence in every medical malpractice case.")

## CONCLUSION

For the reasons stated above, **IT IS HEREBY ORDERED** that the Defendant's Motion to Dismiss (ECF #9) is **GRANTED** and this action is **DISMISSED WITH PREJUDICE.**

                                          s/Matthew F. Leitman
                                          MATTHEW F. LEITMAN
                                          UNITED STATES DISTRICT JUDGE

Dated: August 26, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 26, 2016, by electronic means and/or ordinary mail.

                                          s/Holly A. Monda
                                          Case Manager
                                          (313) 234-5113